# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00523-CR
## NO. 03-12-00524-CR
## NO. 03-12-00525-CR
## NO. 03-12-00526-CR

**Kenneth Ray Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR23,287, CR23,288, CR23,289 & CR23,290
HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On June 4, 2012, appellant Kenneth Ray Johnson, after being admonished by the trial court, pled guilty to four offenses: (1) first-degree felony delivery of cocaine; (2) second-degree felony delivery of a controlled substance; (3) state-jail felony delivery of a controlled substance; and (4) first-degree felony delivery of a controlled substance. There was no plea-bargain agreement, and the court found him guilty of all four offenses. On June 6th, at the punishment hearing, the court heard evidence supporting the guilty pleas. At the close of the evidence for both sides, the court deferred imposing punishment pending the return of a pre-sentence investigation report. On July 6th, following testimony regarding the pre-sentence investigation, the trial court assessed judgment at sixty years in prison.

Appellant's appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. However, within his brief counsel discusses an appellate issue suggested by appellant whether the trial court failed to properly admonish appellant. *See* Tex. Code Crim. Proc. art. 26.13. Appellant also suggested to counsel two opinions from the court of criminal appeals in support of his issue, but counsel found those two cases to be inapposite to the issue suggested by appellant and determined that the issue lacks merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant's attorney sent appellant a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

Having reviewed the evidence presented to the jury and the procedures that were observed, nothing in the record might arguably support the appeal. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgments of conviction.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: August 13, 2013

Do Not Publish

_____

overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.